PRATHER, Justice,
for the Court:
The question presented on this appeal seeks an interpretation of a rule promulgated by the Mississippi State Tax Commission requiring coin-operated laundries to pay a five percent (5%) sales tax on gross receipts. The Hinds County Chancery. Court held that Rule 7 of the Mississippi State Tax Commission Sales and Use Tax Rules impermissibly expanded the authority of the taxing statute and awarded to Ronnie R. Schilling, Jr., a judgment of $53,-000 plus interest and costs against Mississippi State Tax Commission.
The Tax Commission appeals arguing that:
(1) The court erred in holding that MCA § 27-65-23 (1972) does not include coin operated laundries; and
(2) The court erred in holding that Rule 7 of the Mississippi State Tax Commission Sales and Use Tax Rules impermissibly ex *774 panded or extended MCA § 27-65-23 (1972) to include coin operated laundries.
We reverse and render.
I.
Ronnie Schilling has owned several coin operated businesses throughout the state since 1971. The business consists of coin-operated washers, dryers, and related equipment at each location. There are no managers or supervisors present to assist or accept money from the customers, but customers use the machines by placing coins, usually quarters, in the slots provided.
It is conceded that sales tax has been collected on launderettes since 1948. The appellee Schilling has been paying these taxes for ten (10) years without formal written protest.
Sales tax on gross receipts paid by Schilling for the years 1979 through the date of the lawsuit was stipulated to be $53,000.
II.
The sole question before this Court is whether a “launderette” or “coin-operated laundry” is taxable under the applicable sales tax statute, Mississippi Code Annotated, section 27-65-23 (1972) (Supp.1984) which in pertinent part states:
Upon every person engaging or continuing in any of the following businesses or activities there is hereby levied, assessed and shall be collected a tax equal to five percent (5%) of the gross income of the business, except as otherwise provided:
[[Image here]]
Laundering, cleaning, pressing or dyeing:
[[Image here]]
In 1948 pursuant to the authority granted the Tax Commissioner by Mississippi Code Annotated section 27-65-93 (1972), Rule 7(J) of the Mississippi State Tax Commission Sales And Use Tax Rules was promulgated which provides in part that:
Persons operating a laundry, launderette, cleaning, dyeing, or pressing shop are liable for a 5% sales tax on the gross income of the business.
This Court is asked to address whether Rule 7(J) is a clarification of section 27-65-23 as argued by the Tax Commission or whether the rule impermissibly expands the scope of taxing power of the Legislature. Stated another way, the appellant contends that the term “laundering” within the statute does not encompass “launderette” or “coin-operated laundry.”
The appellee relies upon this Court’s decision in Independent Linen Service v. Stone, 192 Miss. 832, 6 So.2d 110 (1942). Independent Linen Service operated a rental linen and towel service which leased towels, linens, pillow cases, sheets and other items to its customers. It was taxed under the laundry clause of section 27-65-23 by virtue of the fact that the business maintained and operated the equipment necessary to launder the linen and towel items which it rented.
This Court, however, recognized that Independent Linen Service provided no laundering services for others, but was engaged in the business of renting and leasing linens and merely laundered its own items for rental purposes. The Court held the sales tax statute inapplicable. (6 So.2d at 111).
Appellee follows this reasoning and contends that he operates a rental business of equipment, his rental business being washers and dryers rather than linens. Appel-lee, however, pays a privilege tax to operate a laundry.
The Utah Supreme Court addressed the identical issue presented here in Francom v. Utah State Tax Commission, 11 Utah 2d 164, 356 P.2d 285 (1960). Under Utah statute, a sales tax was imposed on charges for “laundry services”. In applying their statute to coin operated laundries the Utah Supreme Court reasoned that:
Regardless of the fact that the actual manual operation or labor is performed by the customer, we are of the opinion that the plaintiffs are performing a *775 “laundry service” within the meaning of the statute and thus the sales tax is applicable. The mere fact that the plaintiffs have no attendant at the establishment does not mean that the plaintiffs are not performing a “service.” By making available to the public the machines necessary to the washing and drying of articles, they are performing a “laundry service.”
356 P.2d at 285-286.
This Court is of the opinion that the word of our statute “laundering” and the words of the Utah statute “laundry service” are analogous. In the case sub judice, as in Francom, supra, a laundering service is being provided for others. This Court takes the view that it matters not that the customer in Schilling’s launderette does the work. What matters is that a laundry service is provided.
In the context of the sales tax statute, “service” is not restricted to manual service, but includes the “service of furnishing washers and dryers” to the public for their use.
We, therefore, hold that a five percent (5%) sales tax on the gross receipts of a launderette or coin operated laundry is collectible under section 27-65-23 and may continue to be so collected. The judgment granted by the trial court to appellee against the Mississippi State Tax Commission is vacated.
Addressing the related issue pertaining to rule 7(J) of the Mississippi State Tax Commission Sales And Use Rules, we hold that such rule clarifies the meaning of section 27-65-23 as including launderettes and that the rule does not impermissibly expand the taxing authority of the Legislature.
REVERSED AND RENDERED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P. JJ., and BOWLING, HAWKINS, DAN M. LEE and SULLIVAN, JJ., concur.
ROBERTSON, J., not participating.